**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4742**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL ALVIN THOMPSON, a/k/a Supreme, a/k/a Heat Mizer,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:98-cr-00076-FDW)

Submitted: July 31, 2008          Decided: October 21, 2008

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Janna D. Allison, JANNA D. ALLISON, PLLC, Waynesville, North Carolina, for Appellant.  Douglas Scott Broyles, Michael E. Savage, Assistant United States Attorneys, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Alvin Thompson appeals the district court's judgment revoking his supervised release and sentencing him to sixty months in prison, a sentence within the applicable range based on the non-binding federal sentencing guidelines policy statement. Thompson's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred by revoking Thompson's supervised release and imposing a prison sentence based on charges that were subsequently dropped. Thompson's pro se supplemental brief also challenges the revocation of supervised release and the sentence.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. <u>United States v. Pregent</u>, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2008). We review for clear error factual determinations underlying the conclusion that a violation occurred. <u>United States v. Carothers</u>, 337 F.3d 1017, 1019 (8th Cir. 2003).

The district court found that Thompson violated the terms of his supervised release by committing another crime; namely, possession of cocaine with the intent to sell and deliver. Thompson argues that the evidence was insufficient to support this finding because the state drug charges were subsequently dismissed.

Pursuant to § 3583(e)(3), the district court may revoke a defendant's supervised release "if it finds by a preponderance of the evidence the person violated a condition of supervised release." Because the standard of proof is less than that required for a criminal conviction, the district court may find that the defendant has violated a condition of his supervised release based on its own findings of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped. United States v. Stephenson, 928 F.2d 728, 731 (6th Cir. 1991).

The Government presented evidence at the supervised release revocation hearing that, while Thompson was serving his supervised release term, a confidential informant made a controlled purchase of crack cocaine from Thompson. Authorities subsequently executed a search warrant of Thompson's motel room and found a quantity of crack consistent with distribution and other indicia of drug trafficking. Accordingly, we find that the district court did not clearly err by finding that a preponderance of the evidence showed that Thompson had committed a crime while on supervised release and that the court did not abuse its discretion in revoking Thompson's supervised release.

Next, Thompson argues that the sentence imposed is plainly unreasonable. We will affirm a sentence imposed following revocation of supervised release if it is within the applicable statutory limits and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied,

127 S. Ct. 1813 (2007). The sentence first must be assessed for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, ___ F.3d ___, ___, 2008 WL 2574457, at *5 (4th Cir. June 30, 2008) (No. 07-4690) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'"). If we find the sentence to be reasonable, we affirm. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this Court "decide whether the sentence is plainly unreasonable." Id.; see Finley, ___ F.3d at ___, 2008 WL 2574457, at *5. Although the district court must consider the Chapter 7 policy statements in the federal sentencing guidelines and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2008), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted). Applying these standards, we have thoroughly reviewed Thompson's sentence and conclude that it is not plainly unreasonable. Gall, 128 S. Ct at 597; see Finley, ___ F.3d at ___, 2008 WL 2574457, at *9.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment revoking Thompson's supervised release and imposing a sixty-month term of imprisonment. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>